IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-CR-57 |
| Plaintiff(s), | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| MARC MAHONEY, AKA BEAR, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon the Appeal Of Order Of Detention And Motion To Set Bond filed by Defendant Marc Mahoney ("Defendant") on February 18, 2022 ("Defendant's Motion"). (Doc. No. 12.) On March 7, 2022, the United States of America filed the Government's Response in Opposition to Defendant's Motion ("the Government's Response"), to which Defendant filed a Reply on March 9, 2022 ("Defendant's Reply"). (Doc. Nos. 29, 31.) For the reasons set forth below, Defendant's Motion is Denied.

**Background**

On January 21, 2022, the Defendant was charged by criminal complaint with a drug conspiracy and with possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. No. 1.) This Court's review of the affidavit in support of the criminal complaint does demonstrate, as the Government asserts in the Government's Response, "a lengthy investigation of the Defendant's substantial drug trafficking activities," that included a conversation between Defendant and his Mexican-based source of supply, as well as conversations by and between Defendant and others named in the criminal complaint, i.e., Hosea Lock, Shawn Cogburn, and Jesse Bojorquez, as more fully summarized in the Government's Response. (Doc. No. 29, PageID #s 258-

261.) Indeed, the execution of a search warrant at Defendant's residence resulted in the finding of a safe containing approximately 22 kilograms of cocaine, marijuana, several hundred thousand dollars in United States Currency, and what appears to be a drug ledger indicating Defendant owed several million dollars for previously acquired cocaine.

On February 4, 2022, Magistrate Judge Greenberg conducted a detention hearing, during which the Government proffered the Pretrial Services report,[1] the criminal complaint and its attached affidavit, and Exhibits 1-10. (Doc. No. 27, PageID #s 241-45.) The Court has reviewed those Exhibits, attached to the Government's Response, collectively, as Exhibit A, and listened to an audio recording referenced as Exhibit 6-A in the transcript of the detention hearing, but manually filed with the Clerk of Courts on a disc, labeled as Exhibit B in support of the Government's Motion. (Doc. No. 29, PageID # 261, fn2, Doc. No. 29-1.)

Defendant submitted Exhibits A through E, consisting of a letter from the general manager of AIN Recycling committing to employing Defendant should he be released on bond; a letter from Defendant's 18-year old daughter describing Defendant's role in her life and her need for his support and guidance; a letter from Defendant's mother, demonstrating his help to family and friends; a letter from Defendant's 14-year old daughter describing his role in her life; and a letter from Defendant's sister, representing that she and her husband would have Defendant reside with them and provide support and supervision to him if he was released.

---

[1] Doc. No. 7, PageID #s 167-74.) This pretrial services report demonstrated that Defendant's prior record consisted of convictions for: Trafficking in Marijuana in 1998; Preparation of Drugs for Sale in 2000; Attempted Forgery and Attempted Uttering in 2002; Distribution of Cocaine in 2004; Disorderly Conduct in 2004; and DUI in 2013. It also indicated that Defendant's sister had assured the pretrial services officer that Defendant could reside with her and that the three firearms in the home would be removed to a safe place. As Defendant asserted in Defendant's Motion, this pretrial services report recommended release on a $20,000 unsecured bond with conditions, to include electronic location monitoring.

On February 7, 2022, Magistrate Judge Greenberg issued a Detention Order Pending Trial, finding that "[t]here is probable cause to believe that the defendant has committed an offense for which a maximum prison term of ten years or more is prescribed in 21 U.S.C. 846 and 21 U.S.C. 841(a)(1)" and "[t]he defendant has not rebutted the presumption established by finding that no condition will reasonably assure the defendant's appearance and the safety of the community." (Doc. No. 9, PageID #s 176-77.) Magistrate Judge Greenberg found that the testimony and information submitted at the detention hearing established that the nature of the offense, Defendant's prior arrests and convictions, his pattern of similar criminal activity history, and his substance abuse history, established, by clear and convincing evidence, that "no condition or combination of conditions exist that will reasonably assure the Defendant's appearance and the safety of the community." (*Id.*, PageID # 177.)

On February 17, 2022, Defendant was indicted and charged with Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). (Doc. No. 16.) Defendant's Motion followed, asking this Court, pursuant to 18 U.S.C. § 3145(b) to "set a bond with conditions of release including electronic location monitoring." (Doc. No. 12, PageID # 180.) Defendant submits that "pursuant to 18 U.S.C. § 3142(a)(2) and (c)(1)(B), and upon the facts and authorities cited in his memorandum in support of Defendant's Motion, "there are conditions which will ensure his presence at all future proceedings and the safety of others and the community." For the reasons set forth below, this Court disagrees and DENIES Defendant's Motion.

**Discussion**

18 U.S.C. § 3145(b) provides:

> (b) If a person is ordered detained by a magistrate judge, *** the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

District courts exercise a de novo review of a magistrate judge's release or detention order. *United States v. Fitzhugh*, 2016 WL 4727480 (E.D. Mich. Sept. 12, 2016 (citations omitted); *United States v. Eckenrode*, 2013 WL 257052 (N.D.Ohio Jan. 23, 2013 ("A District Court reviews the release order of a Magistrate Judge *de novo*.")

As the Government correctly points out, Defendant concedes, and as Magistrate Judge Greenberg rightly concluded, there is a presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(A) & (B). (Doc. No. 29, PageID # 267; Doc. No. 12, PageID # 185; Doc. No. 9.) Upon consideration of the evidence proffered and arguments made at the detention hearing, Magistrate Judge Greenberg concluded that Defendant had failed to rebut that presumption. Defendant argues that the presumption can be rebutted by demonstrating, and that he has demonstrated, that a condition or combination of conditions will assure his appearance and the safety of other persons and the community. (Doc. No. 12, PageID # 185.) Defendant points out that in the detention order, Magistrate Judge Greenberg did not find that there is a serious risk of flight or that he poses a serious risk that he would endanger the safety of another or the community. (Doc. No. 12, PageID # 184.)

Upon conducting a *de novo* review, this Court finds that the evidence presented by Defendant to Magistrate Judge Greenberg and then to this Court is the same, and does not rebut the presumption that Defendant does not pose a danger to the community or a risk of flight. Moreover, assuming *arguendo* that Defendant has produced some evidence that he does not pose a danger to the community or a risk of flight, this Court's consideration of the factors set forth in 18 U.S,C. § 3142(g) leads it to conclude that there are no conditions that will reasonably assure the appearance of Defendant and the safety of any other person and the community.

Indeed, 18 U.S.C. § 3142 "provides the framework for the district court's analysis as to whether release pending trial is proper."  United States v. Williams, 2020 WL 2529356 (E.D.Tenn. May 18, 2020) (citing United States v. Webb, 238 F.3d 426, at *2 (6th Cir. 2000) (table opinion).  "The ultimate touchstone of this analysis is 'whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community.' § 3142(g)." Id. Courts must consider the following: (1) the nature and circumstances of the offense charged, including whether it is a crime involving a controlled substance; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, e.g., his or her character, mental and physical condition, family and community ties, financial resources, criminal history, and substance-abuse history; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release.

As to the nature and circumstances of the offense charged, to include whether it is a crime involving a controlled substance, this factor weighs in favor of detention, as the crime with which Defendant is charged does involve a controlled substance; and because the offense carries a substantial sentence, there an increased risk of flight.

As to the weight of the evidence of the dangerousness or risk of flight, the evidence proffered demonstrates that Defendant has been involved in drug trafficking at a high level, dealing with substantial quantities of cocaine and cash, demonstrating his dangerousness if released.  Moreover, Defendant's access to cash, when coupled with the potential for a substantial term of imprisonment if convicted, demonstrate both the means and a motive to flee.

As to the history and characteristics of the Defendant, the Court has considered Defendant's character, his physical and mental state, his family ties, his employment, his financial resources, and length of residence in the community/his community ties, past conduct, history relating to drug or alcohol

5

abuse, his criminal history, his record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, he was on probation, parole, or other release pending trial, sentencing appeal, or completion of a sentence. 18 U.S.C. § 3142(g)(3). Defendant may very well be a good and supportive father, brother, son, and fiancé, whose family members want him released to allow him to be involved in their lives, but while he was providing that love and support and guidance to his family members, he accumulated and was found to have at his residence, large amounts of cocaine and cash and what appear to be drug ledgers indicating high level involvement in a drug trafficking organization with a Mexican supplier. Indeed, his family support, community ties, and employment did not prevent him from being so involved. Also, his prior four drug trafficking convictions and sentences have not deterred Defendant from the dangerous conduct of drug trafficking. Therefore, altogether, the history and characteristics of the Defendant weigh in favor of detention.

As to the nature and seriousness of the danger posed to the community by Defendant's potential release, even if with the condition of GPS monitoring, this factor, too, weighs in favor of detention for the reasons outlined in the Government's Response. Moreover, while the location monitoring that Defendant proposed may offer useful information about where he is, it provides little useful information about what he is doing, and the ready accessibility of smart phones and digital communication devices would make it all too easy for him to resume his involvement in the trafficking of controlled substances without detection.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date: March 16, 2022

                                               s/Pamela A. Barker
                                               PAMELA A. BARKER
                                               U. S. DISTRICT JUDGE